## I. N. WEBB, ET AL.; v. COMMONWEALTH.

**Injunction Against Operating a Lottery.**

One who under an existing statute acquires a right to operate a lottery is not affected by a repeal of the statute. Such a statute is in the nature of a privilege, and where rights have become vested under it the legislature cannot revoke the privilege thus granted.

**Waiver of Privilege by Non-User.**

Where a statute grants a mere privilege, so long as the purposes for which the act was passed are being accomplished a failure to use it cannot be complained of by the state. The mere failure to exercise a right or privilege under a grant, in the exercise of which the commonwealth has no interest, cannot be held to work a forfeiture.

APPEAL FROM FRANKLIN CIRCUIT COURT.

September 11, 1878.

OPINION BY JUDGE HINES:

By an act of the legislature, approved December 9, 1850, the appellant, I. N. Webb, and others were authorized to raise by lottery, for the Henry Academy and Henry Female College, a sum not to

exceed $50,000, but such of them as chose to accept its provisions are required, before acting thereunder, to execute and file in the Henry County Court a bond in the sum of $100,000, conditioned for the faithful performance of their duties under the act. The third section empowers them to sell the schemes or any class thereof, but before their vendees are permitted to have a drawing of the lottery they are required to give bond to comply with the provisions of the act, and to file the same in the Henry County Court.

The commonwealth, by the attorney general, filed in the Franklin Circuit Court a petition against the appellants and S. T. Dickinson, Z. E. Zinnerman and others, as vendees of said managers, in which it is sought to perpetually enjoin them from using the grant. A general and a special demurrer to the petition were overruled; and the appellants answering, a demurrer to their answer was sustained and judgment entered in conformity to the prayer of the petition.

The petition shows that the managers, December 19, 1850, sold to William Gregory the exclusive right to operate the lottery for the sum of $50,000, to be paid in annual installments of $1,000 each, and that under that contract the sum of $23,500 has been paid to the managers for the purposes mentioned in the act. Gregory assigned his interest in the grant to Zinnerman, which was ratified by the managers.

It is contended by the commonwealth that Sec. 6, Art. 21, Chap. 28, Revised Statutes, repealed the act under which appellants claim. That section reads as follows: "Three years after this chapter takes effect, all rights and privileges which may have been granted by the legislature of this commonwealth to raise money by lottery for any purpose shall cease and terminate."

The Revised Statutes went into effect on the first day of July, 1853, and this section became operative on the first day of July, 1855. As the managers sold the grant to Gregory on the 19th of December, 1850, and he regularly paid the annual installments of $1,000 to the managers for the use specified in the act, we are of the opinion that Gregory, before the adoption of the Revised Statutes, had acquired such rights, under and upon the faith of the act of December 9, 1850, that the attempted repeal cannot affect him or his assignees.

In the case of *Gregory's Ex'x v. Trustees of Shelby College*, 2 Met. 589, this court said: "If the rights have been acquired, or

liabilities incurred, upon the faith of the privilege conferred by the grant, it would be obviously unjust to permit such rights to be divested by a legislative revocation of the privilege. If, therefore, any vested rights have been acquired, under the present grant, before the passage of the repealing law, then, to the extent of such rights at least, that law must be regarded as unconstitutional and inoperative."

It seems clear that the execution of this contract and the compliance on the part of Gregory gives him and his assignees a vested right to use the franchise to reimburse themselves to the extent of their obligation.

The attorney general contends, however, that the managers at the time of making the contract with Gregory had not executed the bond required of them by the act, and as its execution was a condition precedent to the exercise of any right under the grant the contract between Gregory and the managers vested no right whatever in Gregory, and that he had none at the time of the passage of the repealing act. The failure of the managers to execute the bond, if there was a failure, should have been specifically set forth in the petition. The general allegation that the defendants failed to execute bond, without designating the bond referred to or the defendants whose duty it was to execute the bond, in view of the requirements of the act, is manifestly too vague and not traversable. If that be not the case the context clearly shows, by proper construction of the language of the petition, that the bond referred to is the bond required to be executed by Sec. 3 of the article, and as this bond is not required to be executed unless there shall be a drawing, and there having been no drawing by Gregory or his assignee, it is an immaterial averment.

The attorney general also claims that the right to make use of the grant has been forfeited by non-user. It seems to us that this is a mere privilege, and that so long as the purposes for which the act was passed are being accomplished a failure to use it cannot be complained of, even if it could be under other circumstances.

"In general, the abuse or neglect must be something more than accidental or casual negligence, excess of power, or mistake in its exercise. In order to make a forfeiture, there must be something wrong arising from wilful abuse, or improper and persistent neglect." Minor's Institutes, 583. The mere failure to exercise a right

or privilege under a grant, in the exercise of which the commonwealth has no interest, cannot be held to work a forfeiture.

When a special judge had been elected and presided it was error for the regular judge at the succeeding term to preside on the trial of the case without the consent of the parties, but as no objection was taken in the court below and no injury could have resulted we must presume consent, and the court will not disturb the judgment for that reason.

We perceive no error in the failure of the court below to sustain the demurrer for defect of parties. The commonwealth may proceed against any or all of the parties claiming to exercise privileges under the grant, and restrain them, if found to be acting without authority, although the parties for whose ultimate benefit the grant was created are not before the court.

Judgment *reversed* and cause remanded with directions to dismiss the petition.

*T. F. Hallan, for appellants.   Moss, for appellee.*